# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

IDONA WALLACE,

                                       Plaintiff,                        2002-CV-0107

   v.

KMART CORPORATION,

                                       Defendant.

TO:    Lee J. Rohn, Esq.
         Yvette Ross-Edwards, Esq.

### ORDER REGARDING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon Defendant's Motion to Compel Plaintiff to Attend IME and For Sanctions Against Plaintiff For Failure to Attend Previously Scheduled IME (Docket No. 89). This order is issued without necessity of response.

This matter comes within the purview of Local Rule of Civil Procedure 37. While the amendments to said rule still are relatively new, all members of the bar are required to know and adhere to the procedures detailed therein. Local Rule of Civil Procedure 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37 . . . counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRCi

*Wallace v. Kmart Corp.*
2002-CV-0107
Order Regarding Defendant's Motion to Compel
Page 2

37.1. The instant motion is a motion to compel and for sanctions, involving a discovery dispute. Thus, it falls within the purview of LRCi 37.1. Rule 37.2 continues, "If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1." LRCi 37.2.

In the present matter, Defendant filed a bare motion, not a joint stipulation. Rule 37.2(c) specifically provides:

> The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(c).

In the absence of a stipulation and a declaration from counsel for Defendant establishing the failure of opposing counsel to meet and confer after receiving a letter as described in LRCi 37.1 or refusal to sign the stipulation, this Court will not consider Defendant's said motion and will deny the same without prejudice.

*Wallace v. Kmart Corp.*
2002-CV-0107
Order Regarding Defendant's Motion to Compel
Page 3

Accordingly, it is hereby **ORDERED** Defendant's Motion to Compel Plaintiff to Attend IME and For Sanctions Against Plaintiff For Failure to Attend Previously Scheduled IME (Docket No. 89) is **DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: February 13, 2009         /s/ George W. Cannon, Jr.
                                 GEORGE W. CANNON, JR.
                                 U.S. MAGISTRATE JUDGE