| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |
| IDONA WALLACE | 1:02-cv-107 |
| v. | |
| KMART CORPORATION | |
| ERROL STANLEY, NIGEL CHARLES, MELVIN NEAL, JOSEPH SONNY, WRANDA DAVIS | 1:03-cv-55 |
| v. | |
| ST. CROIX BASIC SERVICES, INC., BASIC INDUSTRIES, INC., HOVENSA, L.L.C., and AMERADA HESS CORPORATION | |
| FORREST THOMAS | 1:03-cv-163 |
| v. | |
| CENTENNIAL COMMUNICATIONS CORP., CENTENNIAL CARIBBEAN HOLDING CORP., and CENTENNIAL USVI OPERATIONS CORP. | |
| MARK VITALIS, | 1:05-cv-101 |
| v. | |
| SUN CONSTRUCTORS, INC., RICHARD "DOC" LANGNER, and EXCEL GROUP, INC. | |

| | |
|---|---|
| **PATRICE CANTON** | **1:05-cv-143** |
| v. | |
| **KMART CORPORATION** | |
| **GLENFORD RAGGUETTE** | **1:06-cv-173** |
| v. | |
| **PREMIER WINES AND SPIRITS, LTD.** | |
| **TERRANCE ALEXIS** | **1:07-cv-91** |
| v. | |
| **HOVENSA, L.L.C., and HESS f/k/a Amerada Hess Corporation** | |
| **HELEN JAMES-STEELE** | **1:04-CV-123** |
| v. | |
| **FORD MOTOR COMPANY** | |

TO:   See attached distribution list

### ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY RELATED TO MOTIONS TO RECUSE AND REQUEST FOR EXPEDITED CONSIDERATION AND MOTION TO STRIKE UNTIMELY FILINGS

THIS MATTER came before the Court upon Plaintiffs' Motion For Leave to Conduct Discovery Related to Motions to Recuse and Request For Expedited Consideration (1:02-cv-107, Docket No. 290). Defendants Sun Constructors, Inc., Richard "Doc" Langner, and Excel Group, Inc., and Defendants Centennial Communications Corp., Centennial Caribbean Holding Corp., and Centennial USVI Operations Corp. filed oppositions to said motion. Defendant HOVENSA, LLC, moved to join Defendants Centennial Communications Corp., Centennial Caribbean Holding Corp., and Centennial USVI Operations Corp.'s opposition (1:02-cv-107, Docket No. 306) and Defendant Ford Motor Company moved to join both oppositions (1:02-cv-107, Docket No. 308). Plaintiffs filed a reply to Defendants Sun Constructors, Inc., Richard "Doc" Langner, and Excel Group, Inc.'s opposition and a Motion to Strike Untimely Filings (1:02-cv-107, Docket No. 310) in response to Defendants Centennial Communications Corp., Centennial Caribbean Holding Corp., and Centennial USVI Operations Corp.'s opposition.

Having reviewed all the written submissions and upon due consideration thereof, the Court finds that the discovery sought by Plaintiffs is not warranted. Despite Plaintiffs' attempt to distinguish the current situation presented before the Court from that presented to this Court in *United States v. Roebuck*, 271 F. Supp. 2d 712 (D.V.I. 2003), with regard to deposing Judge Savage, the Court finds *Roebuck* to be directly on point. The questions the

defendant proposed for Judge Moore in *Roebuck* are virtually indistinguishable from the "factual" inquiry to which Plaintiffs seek to subject Judge Savage in the matters at bar. As the *Roebuck* court cautioned, "Simply putting the word 'factually' before a request for information does not make that information discoverable under the case law." *Id*. at 721. Like the *Roebuck* court found with respect to Judge Moore, the Court, here, finds that Judge Savage

> cannot be compelled to answer the questions proposed by [Plaintiffs] as the information sought falls directly within the prohibition established by *Morgan* and its progeny . . . . The law is clear that a judge is not required to explain any of his decisions *nor to divulge reasons which may have motivated his actions or opinion*." *Edwards*, 39 F. Supp. 2d at 706.

*Id*. (internal citations omitted) (emphasis added).[1] Consequently, the Court will deny Plaintiffs' request to depose Judge Savage. In addition, the Court finds that the other proposed depositions are unnecessary, cumulative, and duplicative in view of the statements, affidavits, and other documents filed in support of Plaintiffs' motions to recuse.

---

1. Plaintiffs heavily rely upon *Ciarlone v. City of Reading*, 263 F.R.D. 198 (E.D. Pa. 2009). However, the facts of *Ciarlone* are distinguishable from the matters at bar, where the judge whose deposition was sought in *Ciarlone* was not embroiled in a disqualification issue. Even if *Ciarlone* and the *Frankenthal* test (as articulated in *United States v. Roth*, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004)) that the *Ciarlone* court adopted were applicable here, the Court finds that Plaintiffs fail the second prong of the test. Because a judge is not required to "divulge reasons which may have motivated his actions or opinion," *United States v. Edwards*, 39 F. Supp. 2d 692, 706 (M.D. La. 1999) (cited in *Roebuck,* 271 F. Supp. 2d at 721), the "factual knowledge" Plaintiffs claim Judge Savage possesses in not "highly pertinent to the jury's task." *Ciarlone,* 263 F.R.D. at 205.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion For Leave to Conduct Discovery Related to Motions to Recuse and Request For Expedited Consideration (1:02-cv-107, Docket No. 290) is **DENIED**.

2. Defendant HOVENSA, LLC's Joinder in Centennial's Opposition to Plaintiffs' Second Motion to Conduct Discovery Related to the Recusal Motion (1:02-cv-107, Docket No. 306) is **GRANTED**.

3. Defendant Ford Motor Company's joinder in Sun Constructors, Inc's Opposition to Plaintiffs' Motion to Conduct Discovery Related to the Recusal Motion and Centennial's Opposition to Plaintiffs' Second Motion to Conduct Discovery Related to the Recusal Motion (1:02-cv-107, Docket No. 308) is **GRANTED**.

4. Plaintiffs' Motion to Strike Untimely Filings (1:02-cv-107, Docket No. 310) is **DENIED**.

ENTER:

Dated: August 25, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

ECF:  Lee J. Rohn, Esq.
      Eugenio W.A. Geigel-Simounet, Esq.
      George H. Logan, Esq.
      Linda J. Blair, Esq.
      Simone R.D. Francis, Esq.
      David J. Cattie, Esq.
      Anna H. Paiewonsky, Esq.
      Stephanie L. Adler, Esq.
      Daryl C. Barnes, Esq.