| | |
|---|---|
| **IDONA WALLACE** | **1:02-cv-107** |
| v. | |
| **KMART CORPORATION** | |

| | |
|---|---|
| **ERROL STANLEY, NIGEL CHARLES, MELVIN NEAL, JOSEPH SONNY, WRANDA DAVIS** | **1:03-cv-55** |
| v. | |
| **ST. CROIX BASIC SERVICES, INC., BASIC INDUSTRIES, INC., HOVENSA, L.L.C., and AMERADA HESS CORPORATION** | |

| | |
|---|---|
| **FORREST THOMAS** | **1:03-cv-163** |
| v. | |
| **CENTENNIAL COMMUNICATIONS CORP., CENTENNIAL CARIBBEAN HOLDING CORP., and CENTENNIAL USVI OPERATIONS CORP.** | |

| | |
|---|---|
| **MARK VITALIS,** | **1:05-cv-101** |
| v. | |
| **SUN CONSTRUCTORS, INC., RICHARD "DOC" LANGNER, and EXCEL GROUP, INC.** | |

| | |
|---|---|
| **PATRICE CANTON** | **1:05-cv-143** |
| v. | |
| **KMART CORPORATION** | |
| **GLENFORD RAGGUETTE** | **1:06-cv-173** |
| v. | |
| **PREMIER WINES AND SPIRITS, LTD.** | |
| **TERRANCE ALEXIS** | **1:07-cv-91** |
| v. | |
| **HOVENSA, L.L.C., and HESS f/k/a Amerada Hess Corporation** | |
| **HELEN JAMES-STEELE** | **1:04-CV-123** |
| v. | |
| **FORD MOTOR COMPANY** | |

**TO:**    See attached distribution list

### ORDER DENYING PLAINTIFFS' MOTIONS TO STAY

THIS MATTER came before the Court upon Plaintiffs' Motion to Stay Pending Appeal of Magistrate Order Dated August 26, 2010 (1:02-cv-107, Docket No. 336) and Motion to Stay During Pendency of Appeal of Contempt Order Issued by the Magistrate (1:02-cv–107, Docket No. 337). Defendants Sun Constructors, Inc., Richard "Doc" Langner, and Excel Group, Inc., filed a separate opposition to each said motion.[1] Defendant Kmart Corporation filed an opposition to motion to stay during pendency of appeal (1:02-cv-107, Docket No. 356; 1:05-cv-101, Docket No. 694).[2] Defendant HOVENSA, L.L.C., moved to join Sun's Opposition to Attorney Rohn's Motion to Stay Discovery Orders Pending Appeal of the Denial of Her Motions to Vacate (1:02-cv-107, Docket No. 357). Mindful of the timetable and scheduling of briefing and other matters relating to Plaintiffs' Recusal Motions, this order is issued without the necessity of reply.

The applicable standard for whether to grant a stay of an order pending an appeal requires the party seeking the stay to show: "(1) that it will likely prevail on the merits of the appeal, (2) that it will suffer irreparable injury if the stay is denied, (3) that other parties

---

1. Said Defendant's Opposition to Attorney Rohn's Motion to Stay the Contempt Order is filed at 1:02-cv-107, Docket No. 343; 1:05-cv-101, Docket No. 681, and said Defendant's Opposition to Attorney Rohn's Motion to Stay Discovery Orders Pending Appeal of Denial of Her Motions to Vacate is filed at 1:02-cv-107, Docket No. 355; 1:05-cv-101, Docket No. 693.

2. Although Defendant Kmart does not specifically identify which motion it is opposing, from the contents of the opposition, it appears to the undersigned that the opposition is filed in response to Plaintiffs' Motion to Stay During Pendency of Appeal of Contempt Order Issued by the Magistrate (1:02-cv-107, Docket No. 337).

will not be substantially harmed by the stay, and (4) that the public interest will be served

by granting the stay." *Halderman v. Pennhurst State School and Hospital*, 451 F. Supp. 233, 235

(E.D. Pa. 1978) (citations omitted). As other courts have noted, these criteria are similar to

those applied to preliminary injunctions. *See, e.g., Evans v. Bushanan*, 424 F. Supp. 875, 879

n.21 (D. Del. 1976). The Third Circuit has explained that when applying the test, the court

must bear in mind that "no one aspect will necessarily determine its outcome. Rather,

proper judgment entails a 'delicate balancing' of all elements." *Constructors Ass'n of*

*Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978) (footnote omitted) (quoted

in *Halderman*, 451 F. Supp. 233, 235).

In the matter at bar, the Court finds that Plaintiffs are unlikely to prevail on the

merits of the appeal. As Defendants Sun Constructors, Inc., Richard "Doc" Langner, and

Excel Group, Inc. , have noted in both of their oppositions, the issues Plaintiffs are

appealing are similar to the issues brought in their petition writ of mandamus before the

Third Circuit, which that court denied.[3]

The Court also finds that any injury Plaintiffs may suffer will not be irreparable.

Further review of any unfavorable outcome is still available to Plaintiffs. At the same time,

---

3. Despite Plaintiffs' "interpretation," or, rather, interpolation, of that order, the words, "the Petition for Writ of Mandamus is denied without prejudice" are clear and do not afford any other meaning that what the actual words represent.

the Court finds that the other parties will suffer prejudice by the further delay of any final

resolution.

The Court further finds that granting the stay will not serve the public interest. The

public interest is served by the matter moving forward and proceeding with expediency

to resolution.

Based upon the foregoing, the Court determines that Plaintiffs are not entitled to a

stay.

Accordingly, it is hereby **ORDERED**:

1.      Plaintiffs' Motion to Stay Pending Appeal of Magistrate Order Dated August

        26, 2010 (1:02-cv-107, Docket No. 336) is **DENIED**.

2.      Motion to Stay During Pendency of Appeal of Contempt Order Issued by the

        Magistrate (1:02-cv–107, Docket No. 337) is **DENIED**.

3.      Defendant HOVENSA, L.L.C.'s motion to join Sun's Opposition to Attorney

        Rohn's Motion to Stay Discovery Orders Pending Appeal of the Denial of

        Her Motions to Vacate (1:02-cv-107, Docket No. 357) is **GRANTED**.

                                        ENTER:


Dated: September 13, 2010                /s/ George W. Cannon, Jr.
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE

ECF:   Lee J. Rohn, Esq.
          Eugenio W.A. Geigel-Simounet, Esq.
          George H. Logan, Esq.
          Linda J. Blair, Esq.
          Simone R.D. Francis, Esq.
          David J. Cattie, Esq.
          Anna H. Paiewonsky, Esq.
          Stephanie L. Adler, Esq.
          Daryl C. Barnes, Esq.