DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| IDONA WALLACE | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| KMART CORPORATION | : | NO. 02-0107 |

---

| ERROL STANLEY, *et al* | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ST. CROIX BASIC SERVICES, INC., *et al* | : | NO. 03-055 |

---

| FORREST THOMAS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| CENTENNIAL COMMUNICATIONS, *et al* | : | NO. 03-163 |

---

| MARK VITALIS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| SUN CONSTRUCTORS, INC., *et al* | : | NO. 05-101 |

---

| PATRICE CANTON | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| KMART CORPORATION | : | NO. 05-143 |

| | | |
|---|---|---|
| **GLENFORD RAGGUETTE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PREMIER WINES AND SPIRITS, LTD.** | : | **NO. 06-173** |

_____

| | | |
|---|---|---|
| **TERRANCE ALEXIS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **HOVENSA LLC and HESS CORPORATION** | : | |
| **f/k/a AMERADA HESS CORPORATION** | : | **NO. 07-091** |

## MEMORANDUM OPINION

**Savage, J.**                                                           **October 27, 2010**

      Casting an interlocutory appeal as a motion for clarification in these cases where the plaintiffs seek recusal,[1] plaintiffs' counsel, Lee Rohn, accuses the district judge of violating an order of the Third Circuit Court of Appeals. In doing so, she misrepresents the record and misinterprets the chronology of events. Thus, it is necessary to present accurately what occurred and when.

### Overlapping Orders

      The Third Circuit's August 13, 2010 order directing that all discovery issues relating to the recusal motions be referred to a magistrate judge was not entered until August 17, 2010. In the meantime, before notice of the Third Circuit order, three orders were issued and forwarded to the Clerk of Court who docketed them on the same day. Immediately

---

[1] Motions to recuse the assigned district judge were filed in seven cases based upon a perceived bias against, not the plaintiffs, but their attorney. In four cases, the motions were filed after motions for attorneys' fees and costs had been filed by the prevailing defendants. The other cases are in the pre-trial stages. Although the *Bergan* action was not consolidated with these cases and no motion to recuse had been filed, plaintiffs' counsel included it in the caption of the petition for mandamus.

upon receipt of notice of the Third Circuit's order, all discovery matters were referred to Magistrate Judge George W. Cannon, the only magistrate judge assigned to the St. Croix Division. Thus, despite plaintiffs' counsel's effort to create a contrary impression, the three orders were not issued in violation of the Third Circuit's order.

**Intra-Judicial Communications**

Mischaracterizing actions taken by the district judge and the magistrate judge by conjuring what occurred between them, plaintiffs' counsel asserts that Magistrate Judge Cannon was instructed on how to rule on objections during her deposition. She claims that this violated the Third Circuit's order. She is wrong.

Lee Rohn's deposition was originally scheduled for July 26, 2010. It was rescheduled to accommodate her vacation plans. She filed a motion for a protective order seeking to close her deposition to the public and to seal the transcript. Given the impact of the procedural issues raised in the motion on the imminent deposition, I discussed the motion with Judge Cannon, who had been appointed earlier to preside over all depositions.[2] I specifically instructed him that the deposition was closed to the public, and only the parties and their counsel could attend. To prevent defense counsel from going beyond the recusal issue, I reiterated my previous ruling precluding counsel from questioning Ms. Rohn regarding her pending criminal drug charges, emphasizing that only those matters relevant to the recusal motions were discoverable. In short, the instructions given to Magistrate Judge Cannon were in favor of Ms. Rohn and had been given before notice of the Third

---

[2] Because the plaintiffs' allegations cast a cloud over the integrity of the court and affect the orderly administration of justice, deciding the motions for recusal at the earliest possible date consistent with fairness was deemed necessary. Accordingly, to avoid any undue delay that would have occurred if objections were not considered until after Ms. Rohn's deposition had been concluded, I ordered Magistrate Judge Cannon to preside over the deposition so that he could make immediate rulings. Thus, before Ms. Rohn filed her petition for mandamus and the Third Circuit ruled upon it, Magistrate Judge Cannon had already been assigned to rule on objections at her deposition.

Circuit's order was received.

## Appeal of Discovery Decisions

Plaintiff's counsel also complains that any appeal from the magistrate judge's rulings on the discovery motions should have been referred to a district judge of her choosing.[3]

Initially, we note that one can read the Third Circuit's order as giving the magistrate judge the final word on discovery issues. Even if it did not and an appeal to a district judge was contemplated, there is no basis to complain that the district judge who must decide the recusal motions was to decide the discovery appeal. The decision had been made by a neutral judicial officer, the magistrate judge, as mandated by the Third Circuit.

Before considering the appeal of Magistrate Judge Cannon's rulings, I consulted with Chief Judge Curtis Gomez. He declined to reassign Ms. Rohn's appeal to another judge and instructed me to decide it.

Ms. Rohn incorrectly states that Magistrate Judge Cannon is assigned to District Judge Finch. Magistrate Judge Cannon is assigned to the St. Croix Division of the District Court of the Virgin Islands. He is the only magistrate judge on St. Croix. In fact, Magistrate Judge Cannon performs duties not only for Judge Finch, but for all judges sitting by designation in the St. Croix Division.

More importantly, none of the intra-judicial communications covered the matters raised in the appeals. Those discussions, which took place before the Third Circuit order

---

[3] In her appeal, Ms. Rohn challenges the magistrate judge's ruling denying her request to depose the district judge whom she seeks to recuse, a district court reporter, and unidentified persons. In the order of July 14, 2010, I explained why Ms. Rohn was not permitted to engage in undefined discovery. Given the gravity of the allegations in the recusal motions, I assumed that she had conducted the reasonable inquiry required by Fed. R. Civ. P. 11(b) before filing them. At the same time, she was not precluded from calling at a later evidentiary hearing any witness who had information or evidence bearing on the issues raised in the motions for recusal.

was entered, dealt with the issues that Ms. Rohn had raised in her own motion.  In other words, none of the discussions touched upon matters that were the subject of the appeals.

## Conclusion

There was no violation of the Third Circuit's order regarding discovery.  All discovery matters were referred to a magistrate judge who acted independently and without instruction from the district court.  Therefore, there is no need for clarification of the Third Circuit's order.

 s/Timothy J. Savage  
TIMOTHY J. SAVAGE,  J.
