IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| IDONA WALLACE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KMART CORPORATION | : | NO. 02-0107 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                       **September 8, 2011**

After a jury verdict in its favor, Kmart Corporation ("Kmart") moves for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1332(b). It contends that as the prevailing party in this negligence action, it is entitled to reimbursement for expenses. Opposing Kmart's motion, the plaintiff, Idona Wallace, argues that Kmart's request for costs pursuant to Rule 54(d) is defective and that Kmart is not entitled to reimbursement under § 1332(b) because it cannot show that she acted in bad faith. She also argues that there is no legal basis for an award of attorneys' fees in this case.

After a thorough review of the record, we conclude that Kmart's request for costs is procedurally and substantively defective. Therefore, we shall deny its motion.

### Background

Wallace sued Kmart for negligence, claiming she was injured when she fell inside its store. On October 30, 2009, after a two-day trial, the jury returned a verdict in favor of Kmart. As a prevailing party, Kmart has moved for the assessment of costs and an award of attorneys' fees.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), a prevailing party "should be allowed" costs unless a statute, a rule, or a court order provides otherwise.[1]  Fed. R. Civ. P. 54(d)(1).  A "prevailing party" is one who succeeds on "any significant issue in litigation which achieve[d] some of the benefits the parties sought."  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989).  The verdict winner in a personal injury action is a prevailing party.  *See, e.g., In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 455 (3d Cir. 2000).

Under the procedures set forth in Rule 54(d)(1) and the local rules, the Clerk must first tax costs.  Only if a party objects to the Clerk's decision does the district court review the Clerk's award.  *McKenna v. City of Phila.,* 582 F.3d 447, 454 (3d Cir. 2009).

In the Virgin Islands District Court, a prevailing party must file a bill of costs with the Clerk of Court within thirty days of entry of final judgment.  LRCi 54.1(a).  The bill of costs must "precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding. Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item." LRCi 54.1(b).  Failure to comply with the requirements of the rule constitutes a waiver of the right to costs.  LRCi 54.1(c).

---

[1] Rule 54(d) applies to the District Court of the Virgin Islands.  *Dr. Bernard Heller Found. v. Lee,* 847 F.2d 83, 86 (3d Cir. 1988); *Monoson v. United States*, No. 98-46, 2008 WL 2064631, at *1 (D.V.I. 2008).

A district court exercises *de novo* review over a Clerk's decision and has wide discretion in taxing costs. *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987); *In re Paoli,* 221 F.3d at 461. There is a "strong presumption" that the prevailing party should be awarded costs. *In re Paoli,* 221 F.3d at 462. If a court determines that the prevailing party is not entitled to costs, it should provide an explanation for its decision. *Id.*

Courts may only award those costs enumerated in Title 5, § 541(a) of the Virgin Islands Code.[2] *See* V.I. Code Ann. tit. 5, § 541(a); *Figueroa v. Buccaneer Hotel, Inc.,* 188 F.3d 172, 183 (3d Cir. 1999); *Dr. Bernard Heller Found.,* 847 F.2d at 87-88.

## Discussion

There is no dispute that Kmart is a prevailing party. The jury verdict was in its favor. Thus, pursuant to Rule 54(d)(1), there is a "strong presumption" that it is entitled to recoup its costs. *See In re Paoli,* 221 F.3d at 462.

Local Rule 54.1 requires a prevailing party to serve the bill of costs on the adverse party and the Clerk of Court within thirty days of entry of final judgment in its favor. Here, final judgment was entered on October 30, 2009. Thirteen days later, on November 12, 2009, instead of filing a bill of costs with the Clerk of Court, Kmart filed a motion requesting

---

[2] 5 V.I.C. § 541(a) provides:

(a) Costs which may be allowed in a civil action include:
    (1) Fees of officers, witnesses, and jurors;
    (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
    (3) Expenses of publication of the summons or notices, and the postage when they are served
by mail;
    (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
    (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
    (6) Attorney's fees as provided in subsection (b) of this section.

costs and attorney's fees directly with the district court. The motion requested $1,988.25 for deposition transcripts, $3,349 for expert evaluations and $25,322.29 in attorneys' fees. It did not include a bill of costs or invoices supporting these amounts.

On November 20, 2009, Wallace filed her opposition to Kmart's motion, arguing that Kmart had not filed a proper bill of costs and failed to comply with Local Rule 54.1. Despite this warning of its procedural defects, Kmart again failed to file a bill of costs with the Clerk of Court. Instead, it filed an amended motion for costs and fees with the district court on December 11, 2009. The amended motion included 97 pages of documents purporting to be records and receipts of attorneys' fees and costs.

Kmart's amended request for costs and fees was filed 42 days after entry of final judgment, twelve days after the deadline required by the local rule. It claims that its failure to timely file the bill of costs was a result of excusable neglect, "mostly because of inaccessibility of the records because of the several counsel involved in this defense." *Def. Amend. Mot.,* p.1.

Even assuming that the delay was excusable, the amended bill of costs is procedurally defective because it does not comply with Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1. Rule 54(d)(1) and Local Rule 54.1 require a bill of costs to be filed first with the Clerk of Court so that the Clerk may tax costs to the losing party. The district court reviews the Clerk's cost determination. Because Kmart never filed a bill of costs with the Clerk, the Clerk never taxed costs. Thus, there is nothing for the court to review. *See McKenna v. City of Phila.,* No. 07-110, 2008 WL 4435939, at *16 (E.D. Pa. Sept. 30, 2008) (declining to rule on a motion for costs where not first submitted to Clerk), *aff'd,* 582 F.3d 447, 454 (3d Cir. 2009) (district courts need not award costs if a bill of costs

not filed first with the Clerk of Court).

Even if Kmart had filed the amended motion with the Clerk, it is still substantively deficient. Local Rule 54.1 states that the bill of costs "shall precisely set forth each item thereof, so that the nature of the charge can be readily understood." It also requires that the prevailing party's attorney verify that "the items are correct," "the services were actually and necessarily performed," and "disbursements were necessarily incurred." LRCi 54.1(b).

The invoices attached to Kmart's amended request for costs are not organized. The documents contain bills from multiple lawyers and law firms, often with minimal explanation. The invoices list both costs and attorney's fees. However, because Kmart is only entitled to costs, the task of segregating costs from fees is daunting, if not impossible. Submitting a voluminous, disorganized collection of invoices does not comport with the requirement of Local Rule 54.1 that items in the bill of costs be "precisely set forth."

Because Kmart failed to comply with the requirements of both Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, despite having two opportunities to do so, we exercise our discretion under Rule 54(d)(1) to deny costs.

Kmart also argues that it is entitled to costs under 28 U.S.C. § 1332(b). Pursuant to 28 U.S.C. § 1332(b), district courts have discretion to award costs to a defendant when a plaintiff's recovery falls below the amount in controversy required for diversity jurisdiction. 28 U.S.C. § 1332(b). This provision does not apply where the plaintiff recovers nothing. It only applies when a plaintiff receives a recovery which is less than the jurisdictional minimum. Here, because the jury returned a verdict in favor of Kmart, Wallace had no recovery. Therefore, § 1332(b) does not apply.

Finally, Kmart contends that, as a prevailing party, it is entitled to attorneys' fees

incurred in defending against the underlying action. Rule 54(d) is a procedural rule and does not create a substantive right to attorneys' fees. It merely "recognizes the possibility of awards of attorney's fees . . . and establishes a procedure for asserting a right to such an award." *Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1224 (3d Cir. 1995). Courts must look to a source of substantive law to determine if a party is entitled to fees. *Id.* In diversity actions, state substantive law governs the award of attorneys' fees. *Mitzel v. Westinghouse Elec. Corp.,* 72 F.3d 414, 417 (3d Cir. 1995); *Galt Capital, LLP v. Seykota,* No. 02-63, 2007 WL 4800135, at *1 n.1 (D.V.I. Dec. 20, 2007). Therefore, a prevailing party's entitlement to attorneys' fees must be grounded in state statutory law.

Kmart's motion does not cite any territorial law entitling it to attorneys' fees. Nevertheless, we shall treat its motion as one made pursuant to 5 V.I.C. § 541. Pursuant to § 541(a)(6), courts in the Virgin Islands may award attorneys' fees as costs to a prevailing party in a civil action.

Kmart's request for attorneys' fees under § 541 is procedurally defective because it was not filed within 14 days of judgment and does not specify the statute entitling it to fees. Rule 54(d)(2)(B)(i) and(ii). Moreover, pursuant to 5 V.I.C. § 541(b), attorneys' fees are not available in personal injury cases unless "the complaint . . . is frivolous." 5 V.I.C. § 541(b).[3] Kmart has presented no evidence that Wallace's personal injury claim was frivolous. Therefore, it is not entitled to attorneys' fees under the statute.

## Conclusion

---

[3] A plaintiff's complaint is frivolous if it was "(i) without legal or factual merit; or (ii) for the purpose of causing unnecessary delay; or (iii) for the purpose of harassing an opposing party." 5 V.I.C. § 541(c)(i)-(iii).

Because Kmart failed to comply with the procedural and substantive requirements of Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, and failed to identify substantive territorial law entitling it to attorneys' fees, we shall deny its motion for costs and fees.